IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**                                     **PLAINTIFF**

**v.**                                                **CAUSE NO. 1:08CR92-LG-RHW**

**JOHN RILEY**                                                      **DEFENDANT**

**<u>SUPPLEMENTAL ORDER ON REMAND
FROM THE FIFTH CIRCUIT COURT OF APPEALS</u>**

**BEFORE THE COURT** is the [87] Order to Remand entered by the Fifth Circuit Court of Appeals on September 8, 2020. *See U.S. v. Riley,* No. 19-60941. The matter has been remanded "for the limited purpose of allowing the district court to explain its reasons for the denial." *Id* at 2.

Through appellate counsel, John Riley has appealed this Court's denial of his Motion for a Sentencing Reduction under the provisions of the First Step Act. In its Order to Remand the Fifth Circuit explained that "the district court denied the motion in an order without giving any reasons." *Id.* The appellate panel's statement is understandable. It could have reached no other conclusion when viewed through the lens of the inaccurate and incomplete record set before it on appeal.[1] However, as explained in more detail below, this Court's reason for denial

---

[1] In the appellant's brief, counsel for the defendant represented to the appellate court that the "district court failed to make a complete review by issuing a 'checked box' order, instead of an explanation or analysis of the merits." *See* Br. Appellant, *U.S. V. Riley* (No. 19-60941) at 10. On April 24, 2020, appellant filed the required Record Excerpts. Although exhibit 5 of the Record Excerpts purports to be this Court's order to deny Riley's Motion for sentence reduction, it is actually a prior order granting relief on a different motion. In fact, except for the docket annotations at ROA 318 and 417 in the lower court's record, the full text of this

of the Motion for Sentencing Reduction is stated in the original order denying the Motion.

On December 13, 2019, after review of the record, briefs and arguments of counsel, this Court denied Riley's Motion for another sentence reduction. *See* Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), ECF Nos. 79-80, ROA 318 and 417.  The signed Order is indeed a form order (AO 247 Rev. 3/19).  But it is more than a "check box".  At page two, ECF No. 80, ROA 417, Section III. the Order states as follows:

> III. FACTORS CONSIDERED UNDER USSG § 1B1.10AND U.S.C. § 3553(a) (*See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*.  As this defendant's sentence has previously been reduced by all applicable guideline amendments, the defendant's motion is denied. .

The Order referenced above is a two-page order.  Page one can be found at ECF No. 79, ROA 318.  The top portion of page one includes the following notice: "Page 1 of 2 (Page 2 Not for Public Disclosure)".  Page two can be found at ECF No. 80, ROA 417 and is a "restricted document"; thus only court authorized personnel may have access.[2]

This Court cannot tell whether the panel was provided a full text copy of the original two-page Order.  If so, it does not seem to appear in the appellate record excerpts, nor is the salient language found on page two of the Court's order

---

Court's order denying the Motion for sentence reduction at issue here does not appear in the any of the record excerpts on appeal.

[2] According to the USPO, page two is restricted from public view because it routinely contains guideline calculations.  In addition, page two may contain confidential information regarding any sentence reduction granted by the court pursuant to Fed. R. Crim. P. 35 or USSG § 5K1.1.

-3-

referenced in either the appellant or appellee's brief.  Perhaps, since it is a two-part order, and page two is restricted, the parties simply missed it.  However, in an abundance of caution,

**IT IS ORDERED AND ADJUDGED** that this Court adopts and restates its prior findings regarding the defendant's [73] Motion to Reduce Sentence.  After consideration of the record, the briefs and arguments of counsel, and applicable law, it is the finding of the Court that the defendant has previously received all of the benefits of the applicable guideline amendments and as such the Motion is denied.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court shall transmit a copy of this Order to the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED AND ADJUDGED** this the 9th day of September, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE