IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:08CR92-LG-RHW-1

**JOHN RILEY**

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant John Riley asks the Court for early termination of his term of supervised release.[1] The Government and the United States Probation Office oppose Riley's request. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Riley's [105] Motion should be denied.

### BACKGROUND

Riley pled guilty to one count of possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On June 1, 2009, the Court sentenced him to 324 months of imprisonment and five years of supervised release. The Court also imposed a $100.00 assessment and a $7,500.00 fine. His sentence was reduced to 210 months due to an amendment to the Sentencing Guidelines. He was released from custody on or about August 3, 2022. Therefore, he has been on supervised release for approximately three years.

---

[1] Riley states that he is seeking early termination of probation pursuant to 18 U.S.C. § 3564(c), but he is currently serving a term of supervised release, which is governed by 18 U.S.C. § 3583(e)(1). Therefore, the Court will consider the Motion pursuant to that statute.

In his Motion, Riley asserts that he has fully complied with all the conditions of his supervised release. He "[m]aintained steady employment for 1.5 years" before starting his own business. Def.'s Mot. [105] at 1. He states:

> Beyond meeting the requirements, I have worked to improve myself, became a very active father/husband, and contribute to my community through mentorship. I deeply regret my past actions and am committed to continuing a law-abiding and productive life.

*Id.* at 2. He seeks early termination so that he can expand his trucking company and travel with his wife and children "to make family memories." *Id.*

## DISCUSSION

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which provides:

> The court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

By reference to the provisions of § 3553(a), "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). "[C]ompliance with all conditions is expected of an individual on supervised release, . . . and non-compliance is a ground for revocation." *United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025) (quotation altered). In *Hale*, the Sixth Circuit clarified that Section 3583(e)(1) does not require a finding of exceptionally good behavior or a change in

circumstances before a court can grant early termination. *Id.* However, "[t]hat is not to say that a district court may not consider whether a defendant exhibited 'exceptionally good behavior' when exercising its broad discretion to resolve motions for early termination of supervised release." *Id.* As a result, it is permissible for courts to "generally find early termination proper only when exceptionally good conduct or other changed circumstances are present." *Id.*; *see also United States v. Godfrey*, No. 1:09-CR-158(1), 2025 WL 2470072, at *3 (E.D. Tex. Aug. 27, 2025) ("While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1).").

The Court finds that Riley has not presented any facts or circumstances that support a reduction in sentence. His motion only demonstrates that he has complied with the conditions of supervised release, which is expected of defendants on supervised release.

Turning to the § 3553(a) factors, Riley previously received a substantial sentence reduction. He was found to be the organizer or leader of the criminal offense at issue, and he was responsible for in excess of 4.5 kilograms of cocaine base. His criminal history reflects multiple convictions for drug possession, disorderly conduct, and domestic violence. Therefore, the Court finds that the § 3553(a) factors do not support early termination.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant John Riley's [105] Motion for Early Termination of Supervised Release is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of September, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE